UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JAMES LINLOR,

    Plaintiff,

v.

BRUCE H. BRESLOW; NEVADA DEPARTMENT OF MOTOR VEHICLES,

    Defendants.

3:11-cv-0508-LRH-RAM

ORDER

    Before the court is defendants Bruce H. Breslow ("Breslow") and the Nevada Department of Motor Vehicles's ("DMV") motion to dismiss. Doc. #9.[1] Plaintiff James Linlor ("Linlor") filed an opposition (Doc. #10) to which defendants replied (Doc. #13).

**I.    Facts and Procedural History**

    Plaintiff Linlor initially applied for and was denied the personalized political license plates "GOPALIN," "PALIN," "PALIN12," and "PALIN16" by the DMV. Linlor appealed the denial of the plates under NRS 482.3667 to an administrative law judge who determined that the denial of the plates for "PALIN," "PALIN12," and "PALIN16" was improper under Nevada law. The ALJ did not make a ruling regarding the license plate "GOPALIN" because the plate was issued to Linlor's business prior to the appeal. After the ALJ's decision, the DMV issued the personalized

---

[1] Relates to the court's docket number.

1  plates "PALIN," "PALIN12," and "PALIN16" to Linlor.

2  Subsequently, Linlor filed a civil rights complaint alleging that the DMV's denial of the
3  requested plates was a violation of his First Amendment rights and that the Nevada statutes used by
4  the DMV to deny his request were unconstitutional. Doc. #4. Thereafter, defendants filed the
5  present motion to dismiss. Doc. #9.

6  **II.  Discussion**

7  **A. DMV**

8  The Eleventh Amendment bars citizens from suing a state. U.S. CONST. AMEND. XI. This
9  protection extends to protect a state from federal suits brought by its own citizens. *See Riggle v.*
10 *State of California*, 577 F.2d 579, 581 (9th Cir. 1978). A state may only be sued in federal court
11 when the state explicitly waives its Eleventh Amendment immunity. *Alabama v. Pugh*, 438 U.S.
12 781, 782 (1978). Nevada has not waived its Eleventh Amendment immunity. NRS 41.031(3).

13 Additionally, immunity from suit extends to state instrumentalities and agencies. *Edelman*
14 *v. Jordan*, 415 U.S. 651, 663 (1974). Here, the DMV is a state agency, and, as such, is immune
15 from suit. Accordingly, the DMV's motion to dismiss shall be granted.

16 **B. Breslow**

17 In his motion to dismiss, Breslow, who is sued in his official capacity as the Director of the
18 DMV, argues that Linlor does not have standing to bring the present action because his alleged
19 injury, the denial of the personalized plates, is moot. *See* Doc. #9. The court agrees.

20 To establish the "irreducible constitutional minimum" of Article III standing, a plaintiff
21 must show: (1) he has suffered "injury in fact"; (2) a causal connection between that injury and the
22 defendant's conduct; and (3) it is likely, as opposed to merely speculative, that the injury will be
23 redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see*
24 *also C.R. of Rialto, Inc. v. City of Rialto*, 964 F. Supp. 1401, 1406-07 (C.D. Cal. 1997) (citing
25 *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S.

26

2

464, 472 (1982)). Injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotations, footnote, and citations omitted).

Here, the court has reviewed the documents and pleadings on file in this matter and finds that Linlor does not have standing to bring the present action because there is no injury in fact. Linlor's alleged injury, that he was denied the license plates "GOPALIN," "PALIN," "PALIN12," and "PALIN16" is moot because these plates have been issued to him or his business.

In opposition, Linlor concedes that there is no ongoing injury in fact, but argues that he still has standing to bring the present action because he intends to apply for additional political personalized plates in connection with the 2012 election cycle and that the DMV could unconstitutionally deny any further requested plates. *See* Doc. #11, Exhibit 2, Linlor Decl., ¶23 ("I intend to apply for other personalized license plates in Nevada in the near future, and specifically intent to apply for one or more license plates in connection with the 2012 general election.").

However, Linlor's concerns over possible future injury are far too generalized and speculative to establish his standing in this action. The allegations and declarations submitted simply fail to establish an injury that is both "concrete and particularized" and "actual or imminent" rather than simply conjectural or hypothetical. *Lujan*, 504 U.S. at 560. Rather, his allegations in the amended complaint and his declaration establish the opposite. Linlor asserts only a general desire to seek more personalized license plates leaving others to speculate as to what the personalized plates may be, whether they are political in nature, whether they may fall afoul of the same statutes as the previous plates, and what other restrictions or laws might be implicated. Further, the court can only speculate as to whether the DMV would prevent Linlor from receiving any requested personalized plates, and, if so, what statutes the DMV might rely on in light of the ALJ's decision. Standing requires more than the mere existence of a regulation and the assertion of an indefinite intention to engage in prohibited activities. *See San Diego Cnty. Gun Rights Comm. v. Reno*, 98

1  F.3d 1121, 1126 (9th Cir. 1996) (finding plaintiff's assertion that they "intend to engage in
2  activities prohibited by [the challenged statute]" were insufficient). Therefore, the court finds that
3  Linlor does not have standing to bring the present action and shall grant defendants' motion to
4  dismiss accordingly.

6      IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #9) is
7  GRANTED. Plaintiff's first amended complaint (Doc. #4) is DISMISSED in its entirety.
8      IT IS SO ORDERED.
9      DATED this 19th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE